*In re* CLERK'S CHARGES FOR SERVICES RENDERED IN ELECTION CASES REMOVED TO UNITED STATES COURT, etc.

*(District Court, D. Delaware.   January 7, 1881.)*

1. CLERK'S CHARGES—FEE BILL—REV. ST. § 828.

    Services by a clerk of a United States court, whether ordered by the duly-appointed officers of the government, or imposed by a statute of the United States, are proper charges against the United States if such services are covered by the terms of the fee bill.   Rev. St. § 828.

2. SAME—REMOVAL OF ELECTION CASES—SEARCH IN BANKRUPTCY CASES —ANNUAL REPORT.

    The government is responsible for clerk's charges for necessary services on the removal of election cases from a state court to a United States circuit court under section 643 of the Revised Statutes; but is not liable under said fee bill for a clerk's charge of 15 cents for search in bankruptcy cases, in order to make up his report No. 1, in bankruptcy, because said charge does not legally come within the terms of said fee bill.

This is an application by the clerk of the United States courts for this district upon the passage of his semi-annual account current of fees against the government for the allowance of certain charges in election cases, removed into the circuit court from the state court in this district, under the provision of section 643, U. S. Rev. St., and also for a certain charge of 15 cents for searching for adjudications of bankruptcy in each pending case, made necessary in order to compile his annual report No. 1 in bankruptcy, under the provisions of section 19, act of June 22, 1874.

*Claimant,* for himself.

*District Attorney, contra.*

BRADFORD, D. J.   With regard to the first point, it may be observed that the clerk is the only federal officer of court not

paid in part by an annual salary from the government. His compensation is limited, and fixed by the fee bill of 1852, now section 828, U. S. Rev. St. There is no provision to be found therein requiring the clerk to perform gratuitous services on behalf of the government, nor would it be just that he should be required to do so, unless a small annual salary were given him, as in the marshal's and district attorney's cases. His relations with the government in this respect, therefore, are exactly the same as with individuals. Whatever services it requires of him, if they come legitimately within the terms of his schedule of fees in section 828, U. S. Rev. St., and whether ordered by a departmental official, or imposed by a statute, must be paid for according to that schedule. The inquiry here then is, does section 643, U. S. Rev. St., require the performance of such duties and services by the clerk? We think unquestionably it does; it requires, when the proper petition and certificate has been filed alleging that a criminal prosecution has been commenced in a state court against the petitioner for acts done by him while in the discharge of his duty as special deputy marshal, duly appointed and qualified to act as such at an election for a representative in congress, as in this case, or while in the discharge of this duty as a revenue officer, that the clerk shall file said petition, and "shall enter" the cause upon the docket of the circuit court as pending, and "shall issue" duplicate writs of *habeas corpus*, etc. The language is imperative and mandatory, and no discretion is left to the clerk to refuse to perform the services, unless the fees for the same be paid by the petitioner. We think the United States is clearly responsible for the payment of these charges. We are further informed that in 12 cases lately settled in our own circuit court, Nos. 1 to 12, June term, A. D. 1874, being suits at law by certain proprietors and masters of coal barges against William D. Nolen and others, the collector of this port and other revenue officials, for damages on account of alleged illegal seizure by said officials while acting in the discharge of their duties, judgment for costs was confessed by the district attorney on behalf of said defendants, and the costs were paid by the government

under the instructions of the secretary of the treasury. We cannot see the difference between the responsibility of the government for mandatory and necessary costs incurred in the defence of cases against special deputy marshals, acting in discharge of their duties under provisions of section 643 aforesaid, and the thus-admitted responsibility of the United States for costs incurred in defence of revenue officials under the same section. The clerk's account for this service is therefore approved.

With regard to the other point, section 19, act of June 22, 1874, does undoubtedly require, under heavy penalties, the clerk to report to the attorney general "the number of all such cases [bankruptcy] disposed of," and "the disposition of all such cases." This requisition makes it imperative upon the clerk to examine and search all pending cases in bankruptcy for decrees of bankrupt's adjudication, of bankrupt's discharge, and of the assignee's discharge, in order to make up the report required, and if such search came within the literal terms of the fee bill, section 828, U. S. Rev. St., the claim would unquestionably be valid. The words of the section upon which the claim is made are as follows: "For every search for any particular mortgage, judgment, or other lien, 15 cents."

It is true that an adjudication of bankruptcy is a "decree," and the fee for the search for a decree is 15 cents, and if the act stopped here the clerk would be entitled; but it goes further: the language is, "decree or other lien." An adjudication of bankruptcy is not a decree establishing or constituting a lien. It is generally of an opposite character, and operates to prevent the acquisition of liens. The services, therefore, are not technically and literally within the terms of the act, and although doubtless much more troublesome and difficult to make than an ordinary search, the charge for the same must be disallowed.

The accounts will therefore be passed upon the necessary alterations being made.